IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


DR. SOMPRASONG SONGCHAROEN
and  S. SONGCHAROEN, M.D., FACS, PLLC                          PLAINTIFFS/
                                                       COUNTER DEFENDANTS


VS.                           CIVIL ACTION NO. 3:11-cv-308-WHB-LRA


PLASTIC & HAND SURGERY ASSOCIATES, PLLC;
SHELBY K. BRANTLEY, JR., M.D.;
ERIC E. WEGENER, M.D.; and
STEPHEN F. DAVIDSON, M.D.                                       DEFENDANTS/
                                                       COUNTER PLAINTIFFS


<u>OPINION AND ORDER</u>

     This cause is before the Court on three motions for summary
judgment that have been filed in this civil action.  Having
considered the pleadings, the attachments there to, as well as
supporting and opposing authorities, the Court finds:

     The Motion of Defendants, Doctors Shelby K. Brantley, Jr.,
Eric E. Wegerner, and Stephen F. Davidson, for Summary Judgment is
well taken and should be granted.

     The Motion of Defendant, Plastic & Hand Surgery Associates,
PLLC, for Summary Judgment should be granted in part and denied in
part.

     The Motion of Plaintiffs for Summary Judgment should be
granted in part and denied in part.

## I.  Factual Background and Procedural History

Plaintiff, Dr. Somprasong Songcharoen ("Songcharoen"), is a plastic surgeon who, at one time, was a member of Defendant, Plastic & Hand Surgery Associates, PLLC ("PHSA"). According to the pleadings, Songcharoen created an individual professional limited liability company known as Songcharoen, M.D., FACS, PLLC ("Songcharoen PLLC"). Songcharoen PLLC and the individual professional limited liability companies of nine other physicians later entered an Operating Agreement ("Agreement"), thereby becoming members of PHSA.  The Agreement went into effect on January 1, 2002. On or about the same date, Songcharoen PLLC also entered a Physician Professional Services Contract ("Services Contract"), through which Songcharoen agreed to perform professional services for PHSA.  As provided by the Services Contract, Songcharoen opted to take "Senior Status".  Based on his Senior Status, Songcharoen was not required to be on-call on weekends or after-hours for a five-year period.

On January 18, 2007, Songcharoen gave written notice of his intent to resign from PHSA effective January 14, 2008.  The effective date of Songcharoen's resignation was later moved to December 31, 2007, for accounting purposes.  Immediately after his resignation from PHSA, Songcharoen began practicing with Mississippi Premier Plastic Surgery, PLLC.

2

On December 30, 2010, Songcharoen filed a lawsuit against PHSA, and Doctors Shelby K. Brantley ("Brantly"), Jr.; Eric E. Wegerner ("Wegerner"); and Stephen F. Davidson ("Davidson"), all of who are/were members of PHSA.[1]   In his Complaint, Songcharoen alleged that although he was entitled to certain payments under the terms of the Agreement and Services Contract upon his resignation, PHSA had refused to pay him the amounts that were due and owed under those agreements.   Songcharoen also alleged that members of PHSA had taken actions that forced him to resign.   Based on these allegations, Songcharoen sought compensatory damages on claims including, but not limited to, constructive discharge, age discrimination, conversion, and tortious interference with business relationship.   Songcharoen also sought equitable relief in the form of a declaratory judgment and an accounting.

The lawsuit was removed to this Court on the basis of federal question jurisdiction.[2]   In addition to answering the Complaint,

---

[1]   For the purposes of this Opinion and Order, Brantley, Wegerner, and Davidson will be referred to, collectively, as the "PHSA Physicians".

[2]   As the original Complaint alleged claims arising under federal law, i.e. the Age in Employment Discrimination Act, the Court could exercise subject matter jurisdiction over the federal law claims under 28 U.S.C. § 1331, and could exercise supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.   Although Songcharoen's federal law claims were later voluntarily dismissed, the Court may continue to exercise supplemental jurisdiction over the state law claims under Section 1367.   As regards the state law claims, Mississippi substantive law and federal procedural law apply.

PHSA filed a Counterclaim alleging that Songcharoen had improperly invoked Senior Status for the sole purpose of unfairly gaining the benefit of not being placed on the call schedule.  See Counterclaim [Docket No. 5], at ¶¶ 8-9.  PHSA also alleges that under the terms of the Services Contract, Songcharoen and/or Songcharoen PLLC were required to pay certain "individual and common expenses" for the year following Songcharoen's resignation.  According to PHSA, it is currently owed over $124,000 in expenses, which have not been paid despite its demands.  Based on these allegations, PHSA seeks compensatory and punitive damages on claims of breach of contract, unjust enrichment and misrepresentation.  PHSA also seeks a declaratory judgment as to certain rights and duties of the parties under the Agreement and Services Contract.

On October 20, 2011, an Amended Complaint was filed, by which Songcharoen PLLC was added as a named plaintiff.[3]  In the Amended Complaint, the Songcharoen Plaintiffs allege that under the Agreement and Services Contract, PHSA was required to provide certain compensation to its members at the time of their departure from the group.  The Songcharoen Plaintiffs further allege, that despite its contractual duties, PHSA has refused to pay them the amounts due and owing from (1) Songcharoen's capital account, (2) their membership interest in PHSA, and (3) accounts receivable.

---

[3]  For the purposes of this Opinion and Order, Songcharoen and Songcharoen PLLC will be referred to, collectively, as the "Songcharoen Plaintiffs".

4

See Am. Compl. at ¶¶ 11-15.  The Songcharoen Plaintiffs further allege that PSHA has refused to return equipment and medical devices that belong to Songcharoen.  Id. at ¶ 16.  Finally, the Songcharoen Plaintiffs allege that PHSA and the PHSA Physicians had taken actions against Songcharoen that were "combative, confrontational, and demeaning" thereby effectively forcing his resignation.  Id. at ¶ 22.  The alleged actions included, but were not limited to: (1) refusing to extend to Songcharoen the courtesies that are customarily extended to senior physicians including that they not be required to participate in an un-referred call schedule, (2) participating in secret meetings to discuss his termination, and (3) orchestrating Songcharoen's removal as Chief of Plastic Surgery at St. Dominic's Hospital shortly after he was elected to that position.  Id. at ¶¶ 17, 21-22.  Based on these allegations, the Songcharoen Plaintiffs seek compensatory damages on claims of constructive discharge and conversion.[4]  The Songcharoen Plaintiffs also seek an accounting and a declaratory judgment with regard to the parties' rights and duties under the Agreement and Services Contract.  The parties have now moved for summary judgment on the claims alleged in the Amended Complaint as well as those alleged in the Counterclaim.

---

[4]  The Amended Complaint also alleged claims of age discrimination and tortious interference with business and contractual relationship.  These claims have been dismissed by stipulation.  See Stipulation [Docket No. 78].

## II.   Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).   The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also, Moore v. Mississippi Valley State Univ., 871 F.2d 545, 549 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact.   Celotex, 477 U.S. at 323.   The movant need not, however, support the motion with materials that negate the opponent's claim.   Id.  As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point

to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim.  _Id._ at 323-24.  The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial."  _Id._ at 324.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists.  It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence."  _Kennett-Murray Corp. v. Bone_, 622 F.2d 887, 892 (5th Cir. 1980).  Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial.  _National Screen Serv. Corp. v. Poster Exchange, Inc._, 305 F.2d 647, 651 (5th Cir. 1962).

## III.   Discussion

### A.  Plaintiffs' Claims

### 1.  Constructive Discharge

In the Amended Complaint, Songcharoen alleges that he was constructively discharged from PHSA.  Under Mississippi law, constructive discharge results in cases in which "the employer made conditions so intolerable that the employee reasonably felt compelled to resign."  _Cothern v. Vickers, Inc._, 759 So.2d 1241,

1246 (Miss. 2000)(quoting <u>Shawgo v. Spradlin</u>, 701 F.2d 470, 481 (5th Cir. 1983)).  Here, Songcharoen argues that the defendants' action of placing him back on the un-referred call schedule "created a work environment and conditions [that were] unbearable and intolerable and oppressive to a surgeon of [his] experience and status in the medical community." <u>See</u> Mem. [Docket No. 92] at 3. The defendants have moved for summary judgment on the constructive discharge claim arguing: (1) the claim lacks merit because Songcharoen was not an employee of, but rather an independent contract for, PSHA; (2) the claim should be read as one for breach of contract that is not actionable because the parties agree that the Services Contract did not terminate because of breach; and (3) the claim is barred by the applicable statute of limitations. <u>See</u> Mem. [Docket No. 83], at 13-15.  Working in reverse order, the Court finds the constructive discharge claim is time-barred.

First, the parties argue that the constructive discharge claim is governed by the three-year "catch-all" limitations period prescribed in Mississippi Code Annotated Section 15-1-49, which provides: "All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after."  Having reviewed the applicable case law, however, the Court finds, by way of an <u>Erie</u> guess, that the constructive discharge claim in this case is likely governed by the one-year limitations period prescribed in

Mississippi Code Annotated Section 15-1-35. Under Section 15-1-35: "All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, for failure to employ, and for libels, shall be commenced within one (1) year next after the cause of such action accrued, and not after." The Mississippi Supreme Court has held that the one-year limitations period of Section 15-1-35 is not limited to only those intentional torts that are specifically identified in the statute but, also, applies "[w]here ... the conduct alleged may be fairly categorized as one of the enumerated torts." Nichols v. Tri-State Brick and Tile Co., Inc., 608 So.2d 324, 333 (Miss. 1992). Based on this rationale, for example, the Mississippi Supreme Court has held that a claim for intentional infliction of emotional distress is governed by the one-year statute of limitations in Section 15-1-35 because it "is a tort against the person, as are the vast majority of those specifically enumerated in [that] Section." Jones v. Fluor Daniel Servs. Corp., 32 So.3d 417, 423 (Miss. 2010)(explaining that "under Nichols, a cause of action for intentional infliction of emotional distress is "fairly embodied" in the causes of action included in Mississippi Code Section 15-1-35.").

Here, Songcharoen's constructive discharge claim is based on conduct that was committed specifically against him, i.e. his being

9

place back onto the un-referred call schedule after his five-year
period of Senior Status expired.  As to this conduct, the record
shows that Songcharoen was placed back on the call schedule on or
about January 1, 2007.  Thus, as the alleged conduct underlying
Songcharoen's constructive discharge claim occurred in January of
2007, he would have had one year after that date, i.e. on or before
January of 2010, on which to file his constructive discharge claim.
Songcharoen's original Complaint, however, was not filed until
December 30, 2010.  As such, the Court finds there does not exist
a genuine issue of material fact with regard to whether
Songcharoen's constructive discharge claim would be barred under
Section 15-1-35.

In the event the Court has erred in making its <u>Erie</u> guess, it
finds that Songcharoen's constructive discharge claim would
likewise be barred even if the claim is governed by the three-year
statute of limitations prescribed in Section 15-1-46.  Again, under
Section 15-1-46: "All actions for which no other period of
limitation is prescribed shall be commenced within three (3) years
next after the cause of such action accrued."  An action accrues,
for the purpose of this statute, "when it comes into existence as
an enforceable claim, that is, when the right to sue becomes
vested."  <u>Fletcher v. Lyles</u>, 999 So.2d 1271, 1277 (Miss. 2009).

As discussed above, Songcharoen's constructive discharge claim
is based on the defendants having placed him onto the un-referred

10

call schedule in January of 2007, immediately after his five-year period of Senior Status expired.  The record shows that Songcharoen felt compelled to resign because of this conduct on January 18, 2007, as evidenced by the letter of resignation he tendered to PHSA on that date.    Thus, the Court finds that Songcharoen's constructive discharge claim accrued, for the purpose of Section 15-1-46, not later than January 18, 2007, the date on which he felt compelled to resign because of the defendants' alleged conduct. Under Section 15-1-46, Songcharoen would have had three years thereafter, up to and including January 18, 2010, on which to file his constructive discharge claim.   As Songcharoen's original Complaint was not filed until December 30, 2010, the Court finds there does not exist a genuine issue of material fact with regard to whether Songcharoen's constructive discharge claim would be barred under Section 15-1-46.

In sum, the Court finds there does not exist a genuine issue of material fact with regard to when Songcharoen felt compelled to resign from PHSA because of the allegedly intolerable working conditions created by the defendants, because the record conclusively establishes that he resigned on January 18, 2007.  As such, the Court finds there does not exist a genuine issue of material fact with regard to the date on which Songcharoen's constructive discharge claim accrued, and that that date was January 18, 2007.  Finally, the Court finds that regardless of

whether Songcharoen's constructive discharge date is governed by
the one-year statute of limitations in Section 15-1-35, or the
three-year statute of limitations in Section 15-1-46, there does
not exist a genuine issue of material fact with regard to whether
that claim is time barred as Songcharoen's original Complaint was
not filed until December 30, 2010.  For these reasons, the Court
finds that PHSA and the PHSA Physicians are entitled to summary
judgment on the constructive discharge claim.

## 2.  Declaratory Judgment Claims

In the Amended Complaint and Counterclaim, both the
Songcharoen Plaintiffs and PHSA seek declaratory judgments
regarding their rights and obligations under the Agreement and
Services Contract.  As succinctly noted by PHSA, the issue
presented by the claims for declaratory relief is "who owes what to
whom".

Under Rule 57 of the Mississippi Rules of Civil Procedure,
courts "may declare rights, status, and other legal relations."
MISS. R. CIV. P. 57(a)(1).  Declaratory relief under this Rule is
available to "[a]ny person interested under a ... written contract"
to "have determined any question of construction or validity
arising under the ... contract ..., and [to] obtain a declaration
of rights, status or other legal relations thereunder."  Id. at
57(b)(1).  Importantly, however, Rule 57 was enacted "to create a

12

procedure by which rights and obligations may be adjudicated in cases involving an actual controversy that has not reached the stage at which either party may seek a coercive remedy, or in which the party entitled to such a remedy fails to sue for it." Id. at 57 cmt.  Here, it is clear that the controversy between the Songcharoen Plaintiffs and PHSA has already reached the stage where a coercive remedy is sought as evidenced by the Songcharoen Plaintiffs' claim of conversion and the claim of PSHA for breach of contract.  As this case involves actual, as opposed to potential litigants, and as it has already reached the stage where the parties have sought coercive remedies, it does not appear that declaratory relief is appropriate.  See e.g. S & F Pub. Co., Inc. v. Gulf Pub. Co., Inc., 760 So.2d 38, 40 (Miss. Ct. App. 2000) (explaining that a "declaratory judgment is appropriate only in those instances where an actual controversy between potential litigants exists but the dispute "has not reached the stage at which either party may seek a coercive remedy.... ").

To the extent declaratory relief would be permitted under Rule 57, the Court finds it is not authorized to grant the relief requested by the parties.  As noted above, under Rule 57, a court is limited to determining questions of contract construction or validity, and to declare the parties' contractual rights.  Here, however, in their Motions for Summary Judgment, the parties focus primarily on requesting that the Court determine and declare the

13

amount of money they are allegedly owed from each other under the terms of the Agreement and/or Services Contract.  See e.g. PHSA Mem. [Docket No. 83], 19 (arguing that the undisputed facts as applied to Section 9A of the Services Contract "show that the Plaintiffs owed PHSA a termination payment $159,707.00 under the Service Contract as the result of Plaintiffs' withdrawal from the PHSA."; Id. at 32-33 (requesting that the Court grant summary judgment on the declaratory judgment claim and hold, *inter alia*, that (1) it paid the buy out amount of $35,233.00 for the Member Unit of Songcharoen PLLC "by way of off-setting that amount against the termination payment due to PHSA under the Service Contract." and (2) "the termination payment due PHSA from Plaintiffs was the gross amount of $159,707.00, and after set off of the buy out amount, is the amount of $124,844.00, which remains owing to PSHA, together with prejudgment interest); Pls.' Mem [Docket No. 87], at 5-10 (arguing that the Songcharoen Plaintiffs are entitled, based on various provisions in the Agreement and Services Contract, to capital account funds of $139,971.00; ancillary services income in the amount of $28,302.00; the value of their membership unit which is $35,233.00; and accounts receivable in the amount of $75,452.00).  The Court, however, has not been cited to any case law or governing authority (nor has its independent research discovered any), under which it is permitted to declare, as a matter of law, that a party is entitled to recover a sum certain

under the terms of a contract and thereafter declare, again, as a matter of law, what the amount of that sum is.[5]

For example, in this case a dispute exists regarding the termination payment that is allegedly owed to either the Songcharoen Plaintiffs or PHSA under the Services Contract. Relevant to this dispute, the Services Contract provides:

> In the event a Physician continues to practice medicine for profit following either termination by mutual consent pursuant to Section 8.A or termination upon one year notice pursuant to Section 8.F., the termination payments payable hereunder shall be reduced to sixty-five percent (65%) of patient accounts receivable for Physician's professional services performed hereunder prior to termination that are actually collected (after reductions for refunds, collection costs or managed care administrative fees) subsequent to termination, less the Physician's individual and common expenses defined in Exhibit B [to the Service Contract], and it is understood that Contractor and its Physician will remain responsible for individual and common expenses for the entire twelve-month period even if Physician's accounts receivable are insufficient to cover such expenses.

See Mot. for Sum J. [Docket No. 86], Ex. 1-A(Service Contract), at ¶ 9A. Under Rule 57, the Court would be permitted to interpret the contract and issue a declaratory judgment regarding, *inter alia*, whether PHSA had a contractual right to hold a physician responsible for individual and common expenses that were incurred during the twelve-month period following his termination. It is

---

[5] While such declaratory relief may be appropriate in cases in which the underlying contract contains a liquidated damages provision, no such provision is contained in either the Agreement or Services Contract that are the subject of this dispute.

the opinion of the Court, however, that Rule 57 does not permit it to thereafter consider the evidence, resolve the existing disputes regarding the calculations made by the opposing parties' expert witness accountants, and then declare, as a matter of law, the amount that the parties would be entitled to receive under this provision.  Instead, in the opinion of the Court, the amount, if any, to which the parties would be entitled to recover under this provision is a question that would have to be presented to, and decided by, the fact-finder as an element of damages.

For these reasons, the Court finds the motions of the parties' for summary judgment on their claims for declaratory relief should presently be denied.  In the event, the parties believe there are outstanding questions that specifically ask what are their contractual rights are under either the Agreement or Services Contract, as opposed to how much they should be permitted to recover under those contracts, they may present those issues to the Court for consideration.

## C.  Conversion

In their Amended Complaint, the Songcharoen Plaintiffs allege that PHSA has converted their accounts receivable, capital account, and the value of their membership interest in PHSA.  Under Mississippi law, a claim of conversion may exist in cases in which

16

a plaintiff owns or has the right to possess property, and the defendant exercises dominion or control over that property in a manner that is inconsistent with the plaintiff's rights.  See Masonite Corp. v. Williamson, 404 So.2d 565, 567 (Miss. 1981).  See also Lyons v. Misskelly, 759 F. Supp. 324, 328 (S.D. Miss. 1990) (explaining that "to succeed on a claim for conversion, a plaintiff must show that he owned or had a right to possess property which was the subject of an unauthorized taking or the unauthorized exercise of control by the defendant.").

In moving for summary judgment, PSHA argues that the Songcharoen Plaintiffs cannot recover on their conversion claim, in part, because the amount of their accounts receivable and the value of their membership interest were included when calculating and off-setting the Section 9A termination payment.  The issues of whether the termination payment (in the amount claimed by PHSA) was properly calculated or whether the set-off was proper or necessary, however, have not yet been resolved.  Accordingly, these arguments do not establish the non-existence of a question of material fact. Next, PSHA argues that the Songcharoen Plaintiffs cannot recover on their conversion claim as to their capital account because that account is simply a tax calculation that cannot be converted, and because they do not have a claim to that account.  PHSA, however, has not cited to any evidence to support these arguments. Accordingly, the Court likewise finds these arguments do not

establish the non-existence of a question of material fact. Finally, PHSA argues that it is entitled to summary on the conversion claim because such claim will generally "not lie with respect to money owed by one party to the other." <u>See</u> Mem. [Docket No. 83], at 34. A least one court in this district, however, has recognized that "money may be the subject of conversion when it is capable of being identified." <u>See</u> <u>e.g.</u> <u>Blades v. Countrywide Home Loans, Inc.</u>, 2007 WL 2746678, at *4 (S.D. Miss. Sept. 18, 2007)(J. Guirola)(citing <u>Hensley v. Poole</u>, 910 So.2d 96 (Ala. 2005)("money directly traceable to a special account ... is sufficiently identifiable to support an action for conversion"); <u>Dillard v. Payne</u>, 615 S.W.2d 53, 55 (Mo. 1981)(holding that funds that have been placed in the custody of another for a specific purpose can be the subject of a conversion); <u>Cambridge Mgmt. Group v. Robert A. Kosseff & Assoc., P.C.</u>, 2007 WL 2084895 at *3 (D.N.J. July 18, 2007)("The plaintiff must show that the money in question was identifiably the plaintiff's property or that the defendant was obligated to segregate such money for plaintiff's benefit.")). Here, the Court has not been presented any evidence regarding whether the funds allegedly converted would be capable of being identified. As such, the Court finds PHSA has failed to satisfy its burden to show that there does not exist a genuine issue of material fact with regard to the conversion claim.

For these reasons, the Court finds the Motion of PHSA for

Summary Judgment as to the Songcharoen Plaintiffs' conversion claim should be denied.


**B.    Claims of PHSA**

**1.    Claim for Contractual Damages**

**a.    Breach of the Services Contract**

In its Counterclaim, PHSA alleges that the Songcharoen Plaintiffs are responsible for paying individual and common expenses under Article 9A of the Services Contract. PHSA further alleges that the Songcharoen Plaintiffs breached the Services Contract by refusing to make the required payments. The Songcharoen Plaintiffs have moved for summary judgment on this claim arguing that it is time-barred.

Under Mississippi law, breach of contract claims are governed by the three-year statute of limitations prescribed by Mississippi Code Annotated Section 15-1-49. See Weathers v. Metropolitan Life Ins. Co., 14 So.3d 688, 692 (Miss. 2009). For the purposes of this statute, "a cause of action accrues when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested." Id. (quoting Bullard v. Guardian Life Ins. Co. of Am., 941 So.2d 812, 815 (Miss. 2006)). "In other words, the statute of limitations begins to run when all the elements of a tort, or cause of action, are present." Id. See also CitiFinancial Mortg. Co.,

<u>Inc. v. Washington</u>, 967 So.2d 16, 19 (Miss. 2007)("In a contractual claim, a cause of action accrues on the date of actual injury, the date the facts occurred which enable the Plaintiffs to bring a cause of action."). The Songcharoen Plaintiffs argue that the evidence shows that PHSA knew, not later than March 30, 2008, that they owed it money under the terms of the Services Contract. <u>See</u> Mot. For Sum. Jud. [Docket No. 86], Ex. 5 (PHSA Dep.) at 119-120. As such, the Songcharoen Plaintiffs argue that PSHA was required to file its breach of contract counterclaim seeking contractual damages on or before March 30, 2011. As the Counterclaim was not filed until May 16, 2011, the Songcharoen Plaintiffs argue it is time-barred.

In response, PHSA first argues that the Songcharoen Plaintiffs cannot rely on a statute of limitations defense because that defense was not adequately pleaded in their Answer to the Counterclaim. Contrary to this argument, the United States Court of Appeals for the Fifth Circuit has found that "a mere assertion of the [statute of limitations defense] satisfies the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure." <u>See</u> <u>Geraghty and Miller, Inc. v. Conoco Inc.</u>, 234 F.3d 917, 925 (5th Cir. 2000). Additionally, there has been no showing by PHSA that it was surprised, or has otherwise been prejudiced, by the raising of the statute of limitations defense. Accordingly, the Court finds this argument lacks merit.

20

Next, PHSA argues that its breach of contract counterclaim for contractual damages is not time barred because it is a compulsory counterclaim and, therefore, the applicable statute of limitations was tolled by the filing of Songcharoen's original Complaint. Although this Court was unable to find any Fifth Circuit caselaw addressing this issue, several courts have held that the statute of limitations applicable to a compulsory counterclaim is tolled by the filing of the plaintiff's complaint, unless the counterclaim was already time-barred at the time the complaint was filed.  See e.g. Burlington Indus. v. Milliken & Co., 690 F.2d 380, 389 (4th Cir. 1982); Hartford v. Gibbons & Reed Co., 617 F.2d 567, 570 (10th Cir. 1980).  See also 6 Wright & Miller, Fed. Prac. & Proc. Civ. 2d § 1419 (explaining that the "the majority view appears to be that the institution of plaintiff's suit tolls or suspends the running of the statute of limitations governing a compulsory counterclaim").

Here, there is no question that the breach of contract counterclaim seeking contractual damages is compulsory in nature because it raises the same issues of fact and law that are raised by Songcharoen's claims regarding the termination payment under Section 9A of the Services Contract.  See Tank Insulation Int'l, Inc. v. Insultherm, Inc., 104 F.3d 83, 85-86 (5th Cir. 1997) (explaining that a claim is considered a compulsory in the event any of the following questions may be answered in the affirmative:

21

(1) Are the issues of fact and law raised by the claim and counterclaim largely the same?, (2) Would res judicata bar a subsequent suit on the defendant's claim absent the compulsory counterclaim rule?; (3) Will substantially the same evidence support or refute the plaintiff's claim as well as the defendant's counterclaim?; or (4) Is there any logical relationship between the claim and the counterclaim?).   As the breach of contract counterclaim seeking contractual damages is compulsory, the Court finds the statute of limitations applicable to this counterclaim was tolled by the filing of Songcharoen's complaint.   See e.g. Burlington Indus., 690 F.2d at 389; Hartford, 617 F.2d at 570.   As PHSA was required to file its breach of contract counterclaim for contractual damages on or before March 30, 2011, and as Songcharoen's original Complaint was filed on December 30, 2010, the Court finds the counterclaim was timely filed.   Thus, the Court finds the Songcharoen Plaintiffs have failed to show that the breach of contract counterclaim seeking contractual damages is time barred and, therefore, that they are not entitled to summary judgment on this issue.

The Songcharoen Plaintiffs also argue that PHSA is not entitled to summary judgment on its breach of contact counterclaim seeking contractual damages because the amount of damages it seeks were erroneously calculated.   As to this issue, the Court finds there exists genuine issues of material fact with regard to the

amount of termination payment that may be recovered by the parties under Section 9A of the Services Contract as evidenced by the different results reached by the parties' expert accountants when calculating those amounts.  Based on the fact issues presented in the pleadings, the Court finds that neither the Songcharoen Plaintiffs nor PSHA is entitled to summary judgment on the breach of contact counterclaim seeking contractual damages.

## 2.  Claim for Call Time Damages

In its Counterclaim, PHSA alleges that "Songcharoen caused Songcharoen PLLC to breach the [Services Contract] by improperly and falsely invoking the "senior status" provision of the [Contract] in order to allow Dr. Songcharoen to avoid 'taking call' for 5 years."  See Counterclaim [Docket No. 37], at ¶ 8.  Based on these allegations, PHSA seeks damages for the call time it was allegedly and improperly denied by the Songcharoen Plaintiffs on counterclaims of breach of contract, unjust unrichment, and misrepresentation.   The Songcharoen Plaintiffs have moved for summary judgment on these claims arguing they are time-barred.

Under Mississippi law, the counterclaims alleged by PHSA seeking call damages are all governed by the three-year statute of limitations in Mississippi Code Annotated Section 15-1-49.  See Weathers, 14 So.3d at 692 (finding three-year statute of

limitations applied to breach of contract claim); <u>Carter v.
Citigroup Inc.</u>, 938 So. 2d 809, 817 (Miss. 2006)(Miss.
2009)(finding three-year statute of limitations applied to
misrepresentation claim); <u>Hooker v. Greer</u>, 81 So.3d 1103, 1111
(Miss. 2012)(finding that because the plaintiff's unjust enrichment
claim sought only monetary damages, it was subject to a three-year
statute of limitations). Here, construing the facts in the favor
of PHSA, its counterclaims for call damages would have accrued on
or about December 31, 2007, the date on which Songcharoen's
relationship with PHSA terminated, and it knew that he was not
retiring but instead moving his practice to Mississippi Premier
Plastic Surgery. Thus, under the applicable statute of limitations,
PHSA was required to bring its breach of contract counterclaim for
call damages as well as its counterclaims for misrepresentation and
unjust enrichment on or before December 31, 2010. The Counterclaim,
however, was not filed until May 26, 2011.

In response, PHSA again argues that its counterclaims are not
time barred because they relate back to the date on which
Songcharoen's original complaint was filed. <u>See</u> Mem. [Docket No.
90], at 29 (arguing: "As has already been discussed above the
counterclaim for the value of the call time relates back to the
original filing date of the Complaint of this action on December
30, 2012. So, the claim is not barred by statute of limitation.").
In its pleadings, the only ground argued by PHSA that would support

relation-back is that the counterclaim is compulsory.  Here, the Court finds PHSA has failed to show that its counterclaims of breach of contract for call damages, misrepresentation, and unjust enrichment would be considered compulsory because there has been no showing that the issue to be decided through these claims, i.e. whether Songcharoen wrongfully avoided call responsibilities by improperly invoking senior status, are not the same or even logically related to the claims alleged by Songcharoen in his original Complaint.  Accordingly, the Court finds PHSA has failed to show that there exists a genuine issue of material fact with regard to whether its counterclaims of breach of contract for call damages, misrepresentation, and unjust enrichment relate back to the filing of Songcharoen's original Complaint.

In sum, the Court finds there does not exist a genuine issue of material fact with regard to when the counterclaims of breach of contract for call damages, misrepresentation, and unjust enrichment accrued because the record conclusively establishes that PHSA knew that Songcharoen was not retiring from practice after his relationship with PSHA ended on December 31, 2007.  Under the applicable statute of limitations, PHSA was required to file its counterclaims of breach of contract for call damages, misrepresentation, and unjust enrichment on or before December 31, 2010.  The counterclaims, however, were not filed until May 26, 2011.  As the counterclaims were not filed until the applicable

three-year statute of limitations had expired, and as PSHA has failed to show that there exists a genuine issue of material fact with regard to whether its counterclaims of breach of contract for call damages, misrepresentation, and unjust enrichment relate-back to the date of which the original Complaint was filed, the Court finds there does not exist a genuine issue of material fact with regard to whether the counterclaims of breach of contract for call damages, misrepresentation, and unjust enrichment are time barred. For these reasons, the Court finds the Songcharoen Plaintiffs are entitled to summary judgment on the counterclaims of PHSA of breach of contract for call damages, misrepresentation, and unjust enrichment.

## IV.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendant, Plastic & Hand Surgery Associates, PLLC, for Summary Judgment [Docket No. 80] is hereby granted in part and denied in part.  The Motion is granted with respect to Plaintiffs' constructive discharge claim, and denied with respect to Plaintiffs' claims for conversion, accounting, and declaratory relief.

IT IS FURTHER ORDERED that the Motion of Defendants, Doctors Shelby K. Brantley, Jr., Eric E. Wegerner, and Stephen F. Davidson, for Summary Judgment [Docket No. 84] is hereby granted.

IT IS FURTHER ORDERED that the Motion of Plaintiffs for Summary Judgment [Docket No. 86] is hereby granted in part and denied in part.  The Motion is granted with respect to the counterclaims of breach of contract for call damages, misrepresentation, and unjust enrichment, and is denied with respect to the counterclaims for declaratory relief and breach of contact seeking contractual damages.

SO ORDERED this the 26th day of September, 2012.


                              s/ William H. Barbour, Jr.
                              UNITED STATES DISTRICT JUDGE